An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IRENE NORTIER,
Appellant,
vs.
PAUL EVERET'S RV COUNTRY,
Respondent.

No. 63797

**FILED**

SEP 24 2014


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Appellant Irene Nortier sustained an injury while working for respondent Paul Everet's RV Country. Nortier filed a workers' compensation claim that was originally accepted for a left knee contusion and was subsequently expanded to include both knees. Nortier then sought to expand the claim again to include her right ankle, and more specifically, her right Achilles tendon. The request was denied and Nortier administratively appealed the decision. The appeals officer issued an interim order directing Nortier to be examined by a separate doctor to determine whether her preexisting ankle condition was aggravated and if such aggravation was causally connected to her industrial accident.

In response to the appeal's officer's interim order, Dr. Michael Monroe examined Nortier's knees and right ankle, and provided two reports. In his preliminary report, Dr. Monroe determined that Nortier had a preexisting condition in her right Achilles tendon and that the majority of the injury was not related to the industrial accident. He stated that there possibly could have been a ten-percent industrial injury, resulting in a rerupture of Nortier's right Achilles tendon. In his second

report, Dr. Monroe responded to the questions contained in the appeals officer's order and opined that he could not find, within a degree of reasonable medical probability, that Nortier's right ankle injury was causally related to her industrial injury. Because Nortier failed to bring her MRI of her left knee to the initial visit, Dr. Monroe also issued an addendum finding that her left knee injury was more consistent with arthritis rather than a work related injury.

The appeals officer ultimately denied Nortier's request to expand her worker's compensation claim to include her right ankle. The appeals officer relied on Dr. Monroe's two reports and addendum, finding the reports to be credible in showing Nortier had an extensive preexisting condition that was not aggravated by her industrial injury. Nortier filed a petition for judicial review that was denied by the district court. This appeal followed.

"Like the district court, we review an appeals officer's decision in a workers' compensation matter for clear error or an abuse of discretion." *Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087 (2008); *see* NRS 233B.135(3). While the appeals officer's legal determinations are reviewed de novo, "the appeals officer's fact-based legal conclusions are entitled to deference and will not be disturbed if they are supported by substantial evidence." *Dickinson v. Am. Med. Response*, 124 Nev. 460, 465-66, 186 P.3d 878, 882 (2008). Although the appeals officer misstated the findings in Dr. Monroe's addendum,[1] substantial evidence

---

[1]The appeals officer found that Dr. Monroe reviewed scans of Nortier's right ankle and that based off those scans, he determined that her right ankle condition was not related to the industrial injury. However, Dr. Monroe only reviewed an MRI scan of Nortier's left knee and

*continued on next page...*

Supreme Court
OF
Nevada

(O) 1947A

nonetheless supports the appeals officer's decision and order. Nortier's medical records indicate three previous surgeries and medical attention to her right Achilles tendon dating back to 2003. Moreover, Nortier's medical records show a pattern of sudden onset Achilles tendon pain without any instance of trauma or injury. Finally, Dr. Monroe documented in his report that a previous surgeon noted in Nortier's medical record that the previous debridement surgeries made the right ankle prone to weakness and rerupture.[2] We therefore affirm the district court's order denying judicial review.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

*...continued*
determined that the injury to her left knee was not related to the industrial injury.

[2]Nortier also argues that the reports of Dr. Monroe are contradictory, such that they cannot constitute substantial evidence. We conclude that this argument lacks merit.

cc:    Hon. Timothy C. Williams, District Judge
       Persi J. Mishel, Settlement Judge
       Greenman Goldberg Raby & Martinez
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A